**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Herbert Pitts,                                                    Case No. 17-cv-4261 (MJD/TNL)

        Plaintiff,

v.                                                                          **REPORT &**
                                                                            **RECOMMENDATION**

Ramsey County,
St. Paul Police Department, and
Lt. (Unknown),

        Defendants.

# I. INTRODUCTION

This matter comes before the Court on pro se Plaintiff Herbert Pitts's Motion for Reconsideration Under Local Rule 7.1(j) (ECF No. 49). This motion has been referred to the undersigned for a report and recommendation to the district court, the Honorable Michael J. Davis, District Judge for the United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and D. Minn. LR 72.1. (ECF No. 53.) Plaintiff has also filed two requests for a hearing on his motion. (ECF Nos. 55, 56.)

Based upon the files, records, and proceedings herein, and having concluded that no hearing is necessary, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for reconsideration and requests for a hearing be **DENIED**.

# II. BACKGROUND

## A. The Undersigned's Report & Recommendation

Plaintiff brought this action against Defendants Ramsey County, St. Paul Police

1

Department, and Lt. (Unknown), "alleging excessive force, deliberate indifference to his medical needs, failure to investigate, and failure to train." *Pitts v. Ramsey Cty.*, No. 17-cv-4261 (MJD/TNL), 2018 WL 3118437, at *1 (D. Minn. May 23, 2018) [hereinafter *Pitts I*], *adopting report and recommendation*, 2018 WL 3118293 (D. Minn. June 25, 2018) [hereinafter *Pitts II*], *appeal dismissed*, No. 18-2797, 2019 WL 719006 (8th Cir. Jan. 25, 2019) [hereinafter *Pitts III*]. In brief, Plaintiff alleged that Lt. (Unknown), a St. Paul police officer, yelled at him, called him derogatory names, and beat him with a baton while he was handcuffed in July 2015. *Pitts I*, 2018 WL 3118437, at *1. Plaintiff alleged that he was injured as a result. *Id.* Plaintiff further alleged that he was subsequently transferred to the Ramsey County jail and workhouse, where he was treated for his injuries. *Id.* Plaintiff alleged that although he reported the incident and an investigation was begun, the investigation did not progress any further than identifying a video of the incident. *Id.*

Defendants moved for dismissal of Plaintiff's claims. *See generally id*. The undersigned recommended that the motions to dismiss be granted. *See generally id.*

## 1. Ramsey County

With respect to Ramsey County, the undersigned stated that, "[b]y failing to allege any claims against Ramsey County in the 'Amended Complaint,' Plaintiff ha[d] abandoned his claims against Ramsey County." *Id.* at *5. The undersigned nevertheless went on to consider and recommend dismissal of Plaintiff's claims against Ramsey County for failure to investigate and deliberate indifference to his medical needs. *Id.* at *5-7, 11.

As for Plaintiff's claim for deliberate indifference to his medial needs, the undersigned concluded that Plaintiff failed to allege sufficient facts under both the

2

objective and subjective components of this claim. *See id.* at *7. Plaintiff had "not alleged any facts showing the objective seriousness of his injuries" or "that he showed obvious signs of injury which went untreated or that he requested medical treatment for his injuries and was denied." *Id.* Plaintiff also had "not alleged facts showing that Ramsey County was aware of Plaintiff's need for further medical attention . . . and failed to act." *Id.* And, "even assuming . . . that Plaintiff's non-specific 'injuries' constituted objectively serious medical needs, Plaintiff ha[d] not allege[d] facts from which it c[ould] plausibly be inferred that Ramsey County actually knew of, but deliberately disregarded, those needs." *Id.*

Lastly, the undersigned concluded that Plaintiff had failed to identify any particular policy or custom of Ramsey County causing either of these alleged deprivations. *Id.* at *6, 7. The undersigned recommended that Ramsey County's motion to dismiss be granted, and Plaintiff's claims against Ramsey County be dismissed *without* prejudice. *Id.* at *11.

## 2. City of St. Paul

With respect to the St. Paul Police Department and Lt. (Unknown), the undersigned recommended that all claims against the St. Paul Police Department be dismissed *with* prejudice because "[t]he St. Paul Police Department is not a legal entity subject to suit." *Id.* at *7. Similarly, the undersigned also recommended that any claim for intentional infliction of emotional distress be dismissed *with* prejudice as time-barred by the two-year statute of limitations. *Id.* at *11. The undersigned recommended, however that Plaintiff's excessive-force and failure-to-train claims both be dismissed *without* prejudice. *Id.* at *8-11.

Beginning with Plaintiff's excessive-force claim, the undersigned first concluded

that any excessive force claim against Lt. (Unknown) was in his official capacity and therefore "effectively against his employer, the City of St. Paul," because "Plaintiff ha[d] not expressly stated or pleaded that Lt. (Unknown) [wa]s being sued in his individual capacity." *Id.* at *8. The undersigned then concluded that Plaintiff had failed to state a claim against the City of St. Paul and Lt. (Unknown) in his official capacity "[b]ecause Plaintiff ha[d] not pleaded facts plausibly showing that Lt. (Unknown)'s alleged use of excessive force was pursuant to a City of St. Paul policy or custom . . . ." *Id.* at *9.

Turning to Plaintiff's failure-to-train claim, the undersigned concluded that "Plaintiff ha[d] not pleaded facts plausibly showing that the City of St. Paul was deliberately indifferent in the training of its law enforcement officers' use of force." *Id.* at *11. The undersigned noted that Plaintiff had not alleged any facts (1) "regarding training in the use of force, or the absence thereof, provided by the City of St. Paul to its law enforcement officers"; (2) "showing that the City of St. Paul was on notice that training in the use of force by its law enforcement officers was inadequate"; or (3) "showing the need for more or different training was so obvious as to implicate indifference rising to the level of criminal recklessness." *Id.* at *10 (quotation and emphasis omitted). The undersigned also noted that "even under the liberal construction accorded to pro se pleadings, the [undersigned was] hard-pressed to conclude that it c[ould] plausibly [be] inferred that the training deficiency identified by Plaintiff—'public sensibility training'—caused the alleged constitutional injury of excessive force." *Id.*

### B. Order Adopting Report & Recommendation

No objections were filed to the Report & Recommendation. *Pitts II*, 2018 WL

3118293, at *1.  The district court[1] adopted the undersigned's recommendations.  *Id.*

### C.  Appeal to the Eighth Circuit

Plaintiff appealed to the Eighth Circuit Court of Appeals.  (*See* ECF Nos. 40-45.) Plaintiff sought leave to proceed *in forma pauperis* ("IFP") on appeal.  (ECF No. 41.) Because Plaintiff had three "strikes" under 28 U.S.C. § 1915(g) and was not under imminent danger of serious physical injury, he was ineligible to proceed IFP and his application was denied.  (ECF No. 44.)  When Plaintiff "failed to pay the required filing and docketing fees," the Eighth Circuit dismissed his appeal for failure to prosecute.  *Pitts III*, 2019 WL 719006 at *1.  "The full $505.00 appellant filing and docketing fees [we]re assessed against [Plaintiff]," and the Eighth Circuit "remand[ed] the collection of those fees to the district court."  *Id.*

### D.  Motion for Reconsideration

Plaintiff filed the present motion for reconsideration on March 19, 2019.  In his motion, Plaintiff states that this case was "remanded back to the District Court."  (Mot. at 1.)  Plaintiff further states that he made a number of errors when filing this lawsuit, including: (1) he named Ramsey County rather than "Ramsey County Jail" as a defendant; (2) he wanted to sue Lt. (Unknown) in his individual capacity rather than in his official capacity as an employee of the City of St. Paul; and (3) he did not realize that the addition of the City of St. Paul would cause his claims to be dismissed with prejudice.  Plaintiff states that these mistakes were the result of his mental illness and he should have been

---

[1] The Honorable David S. Doty, District Judge for the United States District Court for the District of Minnesota.

appointed counsel. Plaintiff requests that he be allowed to start his claims from the beginning with appointed counsel.

## III. ANALYSIS

### A. Legal Standard

Under the Local Rules of this Court, a party must seek permission before filing a motion to reconsider. D. Minn. LR 7.1(j) ("Except with the court's prior permission, a party must not file a motion to reconsider."). "A party who seeks permission to file a motion to reconsider must first file and serve a letter of no more than two pages requesting such permission" and "show compelling circumstances to obtain such permission." *Id.* As an initial matter, Plaintiff failed to comply with Local Rule 7.1(j) because he filed his motion for reconsideration without first seeking permission to do so. Plaintiff's pro se status does not excuse him from following the Local Rules of this Court. *See Bunch v. Univ. of Ark. Bd. of Trustees*, 863 F.3d 1062, 1067 (8th Cir. 2017) ("Bunch's status as a pro se litigant did not excuse her from following the local rules." (citing *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002)). But, even if Plaintiff had sought permission and his motion was properly before the Court, the Court would nevertheless recommend that it be denied for the reasons stated below.

"The purpose of a motion to reconsider is to afford a party the opportunity for relief in extraordinary circumstances." *Goodbye Vanilla, LLC v. Aimia Proprietary Loyalty U.S. Inc.*, No. 16-cv-0013 (WMW/SER), 2018 WL 2180251, at *1 (D. Minn. Mar. 3, 2018) (quotation omitted). "A district court has broad discretion to reconsider an order granting dismissal or summary judgment . . . ." *In re Charter Commc'ns, Inc., Sec. Litig.*, 443 F.3d

987, 993 (8th Cir. 2006); *accord SPV-LS, LLC v. Transamerica Life Ins. Co.*, 912 F.3d

1106, 1111 (8th Cir. 2019) ("A district court has wide discretion over whether to grant a

motion for reconsideration of a prior order . . . .").

### B.  No Compelling Circumstances Shown

Here, Plaintiff has not shown compelling circumstances.  Plaintiff has not identified

any error of law or presented newly discovered evidence.  *See Goodbye Vanilla*, 2018 WL

2180251, at *1; *Block v. Toyota Motor Corp.*, No. 10-cv-2802 (ADM/AJB), 2011 WL

795756, at *1 (D. Minn. Feb. 28, 2011).  Rather, Plaintiff states that he made a number of

errors in asserting claims against Ramsey County and Lt. (Unknown).  Notably, other than

Plaintiff's claim for intentional infliction of emotional distress which was barred by the

statute of limitations, *Plaintiff's remaining claims against Ramsey County and Lt.

(Unknown) were all dismissed without prejudice*.  It should further be noted that it was not

the inclusion of the City of St. Paul that caused Plaintiff's claim for intentional infliction

of emotional distress against Lt. (Unknown) and all claims against the St. Paul Police

Department to be dismissed with prejudice.  It is simply too late for Plaintiff to bring a

claim for intentional infliction of emotional distress based on events that took place in July

2015.  *Pitts I*, 2018 WL 38118437, at *11.  And, the City of St. Paul's police department

is not a proper party.[2]  *Id.* at *7.  Again, other than the dismissal of a claim that cannot be

---

[2] For the same reasons that the St. Paul Police Department was not a proper party, the "Ramsey County Jail," which Plaintiff states he intended to sue, would also not be a proper party.  *See, e.g.*, *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (per curiam) ("[C]ounty jails are not legal entities amenable to suit." (citing *De La Garza v. Kandiyohi Cty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (per curiam)); *see also Nelson v. Stuart*, No. 11-cv-3143 (DSD/TNL), 2012 WL 5874475, at *4 (D. Minn. Aug. 23, 2012) (Anoka County Jail not subject to suit), *adopting report and recommendation*, 2012 WL 5874467 (D. Minn. Nov. 20, 2012); *Washington v. Anoka Cty. Jail*, No. 10-cv-4938 (JRT/FLN), 2012 WL 1886482, at *3 (D. Minn. May 2, 2012) (same), *adopting report and recommendation*, 2012 WL 1886479 (D. Minn. May 23, 2012).

brought and a party that cannot be sued, the remainder of Plaintiff's lawsuit was dismissed without prejudice.

There is also nothing in the record demonstrating compelling circumstances on account of mental illness. In support of his motion for reconsideration, Plaintiff attaches two pages from his medical chart with prescription orders. (ECF No. 50.) While these prescription orders reflect that Plaintiff has been prescribed medications for his mental health, there is no diagnosis or opinion from a medical professional indicating that Plaintiff was not competent to proceed. (*See* ECF No. 50 at 1 (describing "problem" as "mental health – psych"), 2 ("Psych").)

Moreover, Plaintiff's assertion that he "informed the Court on numerous occasions" of his mental illness is not supported by the record. (ECF No. 49 at 1.) Plaintiff attached three letters in support of his motion. Two of the letters, dated June 30 and July 19, 2017, were sent to the Court nearly two months before this lawsuit was filed in September 2017. (ECF Nos. 51, 51-1.) In these letters, Plaintiff requested information on filing a lawsuit in the District of Minnesota. Plaintiff did not mention any mental illness.

In the third letter, dated November 30, 2017, Plaintiff stated that certain mental health conditions resulted in him having trouble remembering previous lawsuits he had filed in Illinois. (ECF Nos. 9, 51-2.) Plaintiff then requested information for filing a motion to appoint counsel. The Clerk of Court subsequently mailed blank motion forms to Plaintiff. Approximately two weeks later, Plaintiff filed motions to appoint counsel. (ECF Nos. 11-13.) In these motions, Plaintiff requested appointment of counsel based on his inability to afford counsel and lack of legal experience. Plaintiff also stated that he was

unable to afford and did not know how to proceed with discovery due to his incarceration. Plaintiff did not assert, let alone demonstrate, that any mental illness impaired his ability to represent himself.  Plaintiff did not even mention mental illness.

### C. Conclusion

For the reasons stated above, the Court finds that Plaintiff has not shown compelling circumstances warranting reconsideration of the dismissal of this lawsuit and therefore recommends that his motion for reconsideration and requests for a hearing be denied.  *See* Fed. R. Civ. P. 78(b); D. Minn. LR 7.1(b), (c), (g).

[Continued on next page.]

## IV. RECOMMENDATION

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS**

**HEREBY RECOMMENDED** that Plaintiff's Motion for Reconsideration Under Local

Rule 7.1(j) (ECF No. 49) and requests for a hearing (ECF Nos. 55, 56) be **DENIED**.

Date: June___26___, 2019                              _____s/ Tony N. Leung_____
                                                     Tony N. Leung
                                                     United States Magistrate Judge
                                                     District of Minnesota


                                                     *Pitts v. Ramsey County et al.*
                                                     Case No. 17-cv-4261 (MJD/TNL)


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).